See also 316 F.Supp.2d 581.

## In re FIRSTENERGY CORPORATION SECURITIES LITIGATION

**This Document Relates To All Actions.**

No. 5:03–CV–1684.

United States District Court, N.D. Ohio.

Jan. 26, 2004.

---

Jennifer D. Gadd, Nancy A. Alvarado, Stacey M. Keith, Akin Gump Strauss Hauer & Feld, Houston, TX, Jesse Z. Weiss, Paul R. Bessette, Akin, Gump, Strauss, Hauer & Feld, Austin, TX, Joseph A. Castrodale, Ulmer & Berne, Mark I. Wallach, Maura L. Hughes, Nathan A. Wheatley, Calfee, Halter & Griswold, Cleveland, OH, M. Scott Barnard, Orrin L. Harrison, Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, Reginald D. Steer, Akin Gump Strauss Hauer & Feld, San Francisco, CA, Shari Fleischman Esfahani, Akin Gump Strauss Hauer & Feld, Washington, DC, Steven S. Kaufhold, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, for Firstenergy Corporation Securities Litigation.

## OPINION & ORDER

GWIN, District Judge.

Lead Plaintiff, The City of Sterling Heights General Employees Retirement System and the Central Laborers' Pension Fund, moves for an order lifting the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B) Lead Plaintiff seeks a complete lift of the discovery stay. Alternatively, Lead Plaintiff asks that the Court partially lift the discovery stay to permit Lead Plaintiff to obtain copies of materials that Defendant FirstEnergy Corporation has already produced in government investigations. Defendant FirstEnergy opposes this motion. For the reasons stated, the Court DENIES Lead Plaintiff's request to lift the discovery stay completely but GRANTS a partial lift of the stay to allow the discovery of materials already produced by FirstEnergy in related government investigations.

## I. BACKGROUND

Plaintiffs bring these securities fraud actions on behalf of a class of investors who purchased FirstEnergy securities between April 17, 2001 and August 19, 2003. FirstEnergy is an Akron-based company that owns utility businesses operating in Ohio, New Jersey, and Pennsylvania.

Plaintiff Gerald Godin commenced the first securities fraud class action against FirstEnergy in this district on August 8, 2003. Subsequently, nine other lawsuits were filed in this district alleging securities fraud by FirstEnergy and its directors.

These lawsuits share similar allegations. Plaintiffs allege that Defendants artificially inflated the price of FirstEnergy securities through a series of false and misleading statements about the Company's business and financial conditions during the putative class period. During this period, Plaintiffs bought FirstEnergy securities. Plaintiffs contend that FirstEnergy failed to disclose that the Company was not performing required maintenance and upgrades to its power generation and transmission assets. Furthermore, Plaintiffs aver that FirstEnergy engaged in improper accounting practices that resulted in a falsely optimistic picture of the Company's finances. Once these problems received public attention through FirstEnergy's downward restatement of its 2002 operating results and media attention after the August 14, 2003 blackout, the value of FirstEnergy's securities dropped. Since

Plaintiffs purport to have bought FirstEnergy securities at artificially inflated prices, Plaintiffs state that they sustained tremendous losses.

On October 21, 2003, Lead Plaintiff[1] wrote FirstEnergy reminding the Company of its statutory obligation to preserve discoverable material in accordance with the PSLRA, § 78u–4(b)(3)(C)(i).[2] FirstEnergy responded by expressing its intent to abide by this obligation but refusing to agree to the Lead Plaintiff's request for preservation. Based on this response, Lead Plaintiff asserts that FirstEnergy has refused to preserve discoverable evidence. Consequently, Lead Plaintiff seeks a complete lift of the discovery stay to preserve evidence. Secondarily, Lead Plaintiff argues that it will suffer undue prejudice if the discovery stay is not lifted since the Court set an "expedited" discovery cutoff date of October 10, 2004. Unless the stay is lifted, Lead Plaintiff argues that it will not have time to complete discovery before the Court's discovery deadline.

Alternatively, Lead Plaintiff contends that the Court should permit discovery of material already produced for various government investigatory bodies since this partial lift of the discovery stay would not burden FirstEnergy. Related to FirstEnergy's maintenance of its power generation and transmission assets, various government agencies have recently investigated FirstEnergy. The Nuclear Regulatory Commission's Office of Investigations completed an investigation into FirstEnergy's Davis–Besse Nuclear Plant. In a recent SEC filing, FirstEnergy acknowledged that a federal grand jury had subpoenaed records related to the Davis–Besse shutdown. After the electric power blackout of August 14, 2003, the United States–Canada Power System Outage Task Force initiated an investigation of FirstEnergy. In conjunction with these investigations, FirstEnergy produced documents and provided employee interviews. Lead Plaintiff seeks a partial lift of the discovery stay to allow it to obtain these materials.

In response, FirstEnergy opposes any lift of the PSLRA's discovery stay. Under the PSLRA, the Court may only lift the discovery stay to "preserve evidence or to prevent undue prejudice." § 78u–4(b)(3)(B). FirstEnergy contends that the Lead Plaintiff has failed to show that a lift of the stay is needed for either of these reasons. In addition, FirstEnergy asserts that the Lead Plaintiff's discovery request is not "particularized," as required by the PSLRA.

## II. DISCUSSION

In relevant part, the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, until the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B).

This discovery stay provision seeks to reduce the filing of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the costs of discovery and to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim. *See In re WorldCom, Inc. Securities Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002).

■ Although FirstEnergy has not yet filed its motion to dismiss, it has advised the

---

1. On this date, the City of Sterling Heights General Employees Retirement System and the Central Laborers' Pension Fund was only proposed lead plaintiff. On December 9, 2003, the Court ordered the securities fraud cases consolidated and appointed The City of Sterling Heights General Employees Retirement System and the Central Laborers' Pension Fund as Lead Plaintiff.

2.

During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(b)(3)(C)(i).

Court of its intent to do so after Lead Plaintiff files its consolidated complaint. In such an instance, the Court finds that the PSLRA's discovery stay provision applies. *See In re DPL Inc. Securities Litig.*, 247 F.Supp.2d 946, 947 n. 4 (S.D.Ohio 2003). The Court must, therefore, decide whether an exception exists that would allow the lifting of the discovery stay.

### A. Request for Complete Lift of Discovery Stay

Lead Plaintiff suggests that a complete lift of the discovery stay is necessary to preserve evidence. In support of this argument, Lead Plaintiff relies on FirstEnergy's response to a letter it sent seeking a preservation stipulation. On October 21, 2003, Lead Plaintiff sent FirstEnergy a letter reminding FirstEnergy of the PSLRA's preservation of evidence requirement. The letter further specified the exact steps and methods by which Lead Plaintiff desired the preservation of evidence.[3] FirstEnergy responded by observing that "[w]e, of course, will comply with the requirements of the Reform Act and have previously taken steps to do so." However, FirstEnergy refused to agree to Lead Plaintiff's demand that it "forensically preserve" all electronic data and contended that the PSLRA simply did not require such actions.[4] Lead Plaintiff asserts that FirstEnergy's response proves the Company's unwillingness to abide by the PSLRA's preservation requirements.

■ This Court does not find such a refusal in FirstEnergy's reply to Lead Plaintiff's letter. First, FirstEnergy clearly acknowledged that it will and is already abiding by the PSLRA's preservation requirement. Second, FirstEnergy's refusal to agree to Lead Plaintiff's methods for preserving evidence does not show an unwillingness to abide by the PSLRA. In fact, FirstEnergy expressed a willingness to consider Lead Plaintiff's methods for preserving evidence further if Lead Plaintiff could offer authority that the PSLRA required such actions. Simply put, Lead Plaintiff does not show that lifting the discovery stay is necessary to preserve evidence merely because FirstEnergy refused to adhere to Lead Plaintiff's desired methods for preservation. *Cf. In re CFS– Related Securities Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001) (requiring more than speculation that evidence will be lost to satisfy PSLRA's exception based on the need to preserve evidence); *In re Fluor Corp. Sec Litig.*, 1999 WL 817206 at *3 (C.D.Cal. Jan. 15, 1999) (same).

■ Nor is this Court's schedule for completing discovery a sufficient reason for lifting the discovery stay. Although Lead Plaintiff may indeed "be required to request, collect and complete the review of discovery in only a few months," this workload issue does not rise to the level of undue prejudice under the PSLRA as Lead Plaintiff suggests. *Cf. CFS*, 179 F.Supp.2d at 1265 (defining "undue prejudice" as that which is improper or unfair). In a somewhat related derivative action, discovery goes forward and nothing stops Lead Plaintiffs from seeking access to discovery from that case. Moreover, if it later becomes apparent that the Court's deadline unfairly prejudices a party, the party may bring it to the Court's attention and seek an extension of time for completion of discovery. For these reasons, the Court denies Lead Plaintiff's request to lift the discovery stay completely.

### B. Request for Partial Lift of Discovery Stay

■ Alternatively, Lead Plaintiff seeks a partial lift of the stay to allow it to obtain

---

3. The letter contained fourteen bullet points detailing the steps Lead Plaintiff wanted FirstEnergy to take to preserve evidence, particularly electronic evidence. To illustrate the nature of Plaintiff's request, the Court quotes one of the letter's bullet points.

Devises containing stored electronic information such as desktop computers, laptops, notebook computers, personal information managers, electronic address books, servers, routers, firewalls, fax machines, imaging devices, word processors, terminals, voice mail systems, etc.,

should have their stored data protected from alteration by either discontinuing the use of such items, or by having a computer forensic expert create an exact duplicate of the electronic information using industry standard computer forensic techniques and software tools.

4. FirstEnergy parenthetically noted that it was not even sure what "forensically preserving" data meant.

materials already disclosed to government agencies. Courts that have addressed whether the PSLRA allows for a partial lift of the discovery stay in such instances have reached contrary conclusions. *Compare Singer v. Nicor, Inc.*, 2003 WL 22013905 at *2 (N.D. Ill. April 23, 2003); *In re World-Com, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305–06; *In re Enron Corp. Sec. Derivative & "Erisa" Litig.*, 2002 WL 31845114 (S.D.Tex. Aug. 16, 2002) (all partially lifting discovery stay when documents had already been given to governmental entities) with *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842 at *1 (S.D.N.Y. July 25, 2003); *In re Vivendi Universal, S.A. Sec. Litig.*, 2003 WL 21035383 at *1–2 (S.D.N.Y. May 6, 2003) (both declining to lift discovery stay although documents had already been given to government entities).

15 U.S.C. § 78u–4(b)(3)(B) enumerates two exceptions justifying a lift of the stay: the need to preserve evidence and the need to prevent undue prejudice to the plaintiff. *Id.* Courts have granted motions to discover documents previously produced to government agencies after finding it necessary to prevent undue prejudice to the plaintiff. *See WorldCom*, 234 F.Supp.2d at 305. For example, in *WorldCom* a partial lifting of the discovery stay was warranted because the lead plaintiff:

> would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape. It would essentially be the only major interested party in the criminal and civil proceedings against *WorldCom* without access to documents that currently form the core of those proceedings.

*WorldCom*, 234 F.Supp.2d at 305.

The Court finds that the plaintiffs in this action face a similar risk of undue prejudice as the plaintiffs in *WorldCom*. Without discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies. *Id.; see also Singer*, 2003 WL 22013905 at *2; *In re Enron Corp. Securities Litig.*, 2002 WL 31845114. In addition, maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSLRA. When enacting the PSLRA, Congress seemed motivated by a belief that "the cost of discovery often forces innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104–369, at 37 (1995); *but see* Jonathan D. Glater. "Study Disputes View Of Costly Surge In Class–Action Suits" New York Times, January 14, 2004, Page C–1 (describing study finding costs and fees have not increased in class action litigation in past ten years.)

FirstEnergy cannot, and indeed does not, allege any burden from providing documents that it has already reviewed and compiled.[5] Moreover, the court is not convinced by FirstEnergy's argument that the plaintiffs are using discovery as a fishing expedition to find a sustainable claim. Lead Plaintiff's complaint alleges facts that it found independently in support of its claims. Finally, the Court concludes that the Lead Plaintiff sufficiently particularized its request for a partial lift of the discovery stay. The Lead Plaintiff's request is limited to the closed universe of materials that FirstEnergy has already produced for government investigators and the federal grand jury. For these reasons, the Court grants Plaintiff's request to partially lift the discovery stay.

## III. CONCLUSION

The Court **DENIES** Lead Plaintiff's request for a complete lift of the discovery stay. After finding undue prejudice, however, the Court **GRANTS** Lead Plaintiff's request for a partial lift of the discovery stay. The Lead Plaintiff may obtain discovery limited to materials already produced by FirstEnergy to government agencies and the federal grand jury in related investigations.

IT IS SO ORDERED.

---

**5.** Furthermore, the Court notes that Lead Plaintiff has agreed to bear the costs of copying materials already provided to the government investigators and the federal grand jury.